# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES VECCHIONE,                          )
                                          )
            Plaintiff,                    )
                                          )
    v.                                    )        1:09CV380
                                          )
OPTION ONE MORTGAGE CO.,                  )
and US BANK NATIONAL                      )
ASSOCIATION,                              )
                                          )
            Defendant.                    )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Motion to Remand filed by Defendant US Bank National Association on July 15, 2009. (Docket No. 7.) *Pro se* Plaintiff James Vecchione has responded in opposition to the motion. (Docket No. 11.) For reasons set forth below, the Court finds that the Motion to Remand should be granted.

Plaintiff Vecchione removed this action from Durham County Superior Court on May 27, 2009. It is apparent that the removal was improper and defective under federal law. Pursuant to 28 U.S.C. § 1446(b), a notice of removal shall be filed within thirty days after the defendant is served with the initial pleading in the action the defendant seeks to remove. As is shown by documents filed in the state court action, Plaintiff Vecchione was served with process by posting on March 12, 2008, giving him until April 11, 2008 to file a removal

petition in conformity with the procedural requirements of § 1446(b). Instead, he did not file his "Petition for Removal of Action" until more than one year later, on May 27, 2009. Plaintiff's removal is thus untimely and the matter must be remanded to state court.

Remand is required for additional reasons as well. The underlying action is a state court action for foreclosure. The complaint in the action raised no federal issues. The fact that Plaintiff Vecchione now seeks to raise federal issues in this action and in his removal petition does not make the action removable on the basis of a federal question. It is axiomatic that a federal question must appear on the face of the "well-pleaded complaint," and raising a federal counterclaim or defense does not make the action removable on the basis of a federal question. *See generally Holmes Group, Inc. v. Vornado Air Circulation Sys.*, Inc., 535 U.S. 826, 831-32 (2002).

Since filing the petition for removal, Plaintiff has filed an "Amended Complaint for Damages with Supplemental of Jurisdiction" in which he appears to assert both federal question jurisdiction and diversity jurisdiction based upon claims arising under federal statutes. This pleading cannot save Plaintiff in this court. This civil action was improperly removed from the state courts and must be returned to the proper court.

Accordingly, **IT IS RECOMMENDED** that Defendant's Motion to Remand (Docket No. 7) be granted and that this action be remanded to the Durham County Superior Court from which it was improperly removed.

This the ___16th___ day of October, 2009.

                    _____/s/ P. Trevor Sharp_____
                    United States Magistrate Judge